**General Docket**
**United States Court of Appeals for the Sixth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 23-3641 | **Docketed:** 08/03/2023 |
| Energy Transfer, LP v. EPA, et al | **Termed:** 11/09/2023 |
| **Appeal From:** Environmental Protection Agency | |
| **Fee Status:** fee paid | |

**Case Type Information:**
  **1)** Agency
  **2)** Review
  **3)** Other Agency

**Originating Court Information:**
  **District:** EPA-1 : EPA-HQ-OAR-2021-0668
  **Date Filed:** 06/05/2023

**Prior Cases:**
  None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 23-3605 | 23-3624 | 07/27/2023 | |
| | 23-3605 | 23-3641 | 08/03/2023 | |
| | 23-3605 | 23-3647 | 08/07/2023 | |

| | |
|---|---|
| ENERGY TRANSFER, LP<br>Petitioner | Aaron Michael Streett<br>Direct: 713-229-1855<br>[COR LD NTC Retained]<br>Baker Botts<br>Firm: 713-229-1234<br>910 Louisiana Street<br>Suite 3000<br>Houston, TX 77002<br><br>Christopher Beau Carter<br>Direct: 713-229-6204<br>[COR NTC Retained]<br>Baker Botts<br>Firm: 713-229-1234<br>910 Louisiana Street<br>Suite 3000<br>Houston, TX 77002<br><br>Matthew Lynn Kuryla<br>Direct: 713-229-1114 |

Selected Pages: [0]      Selected Size: [0 KB]
Totals reflect accessible documents only and do not include unauthorized restricted documents.

[ View Selected ]      [ Print Selected ]      [ pr731      ]

[COR NTC Retained]
Baker Botts
Firm: 713-229-1234
910 Louisiana Street
Suite 3000
Houston, TX 77002

v.

APPALACHIAN MOUNTAIN
    Proposed Intervenor

Kathleen Lea Riley
Direct: 202-745-5227
[COR LD NTC Retained]
Earthjustice
1001 G Street, N.W.
Suite 1000
Washington, DC 20001

Neil E. Gormley
Direct: 202-797-5239
[COR NTC Retained]
Earthjustice
1001 G Street, N.W.
Suite 1000
Washington, DC 20001

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY
    Respondent

Chloe Kolman
Direct: 202-514-9277
[COR LD NTC Government]
Environment and Natural Resources Division
Environment Enforcement Section
P.O. Box 7611
Washington, DC 20005

Elisabeth Carter
Direct: 202-598-3141
[COR NTC Government]
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044

Zoe Palenik
Direct: 202-307-1034
[COR NTC Government]
Department of Justice
150 M Street, N.W.
Washington, DC 20002

Selected Pages: [0]     Selected Size: [0 KB]
Totals reflect accessible documents only and do not include unauthorized restricted documents.

[View Selected]     [Print Selected]     [pr731 ▼]

| | |
|---|---|
| OHIO ENVIRONMENTAL COUNCIL<br>Proposed Intervenor | Kathleen Lea Riley<br>Direct: 202-745-5227<br>[COR LD NTC Retained]<br>(see above) |
| | Shaun Goho<br>Direct: 617-678-2516<br>[COR NTC Retained]<br>Clean Air Task Force<br>114 State Street<br>6th Floor<br>Boston, MA 02109 |
| | Hayden Wong Hashimoto<br>Direct: 808-342-8837<br>[COR NTC Retained]<br>Clean Air Task Force<br>114 State Street<br>6th Floor<br>Boston, MA 02109 |
| MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency<br>Respondent | Chloe Kolman<br>Direct: 202-514-9277<br>[COR LD NTC Government]<br>(see above) |
| | Elisabeth Carter<br>Direct: 202-598-3141<br>[COR NTC Government]<br>(see above) |
| | Zoe Palenik<br>Direct: 202-307-1034<br>[COR NTC Government]<br>(see above) |
| SIERRA CLUB<br>Proposed Intervenor | Kathleen Lea Riley<br>Direct: 202-745-5227<br>[COR LD NTC Retained]<br>(see above) |
| | Neil E. Gormley<br>Direct: 202-797-5239<br>[COR NTC Retained]<br>(see above) |
| | Megan Claire Wachspress<br>Direct: 415-977-5635<br>[COR NTC Retained] |

Selected Pages: 0          Selected Size: 0 KB
Totals reflect accessible documents only and do not include unauthorized restricted documents.

View Selected          Print Selected          pr731

Sierra Club
Environmental Law Program
2101 Webster Street
Suite 1300
Oakland, CA 94612

------------------------------

TRANSCANADA PIPELINE USA LTD.
        Amicus Curiae

Jeffrey Lorn Oldham
Direct: 713-221-1225
[COR LD NTC Retained]
Bracewell & Giuliani
Firm: 713-221-1166
711 Louisiana Street
Suite 2300
Houston, TX 77002-0000

Brittany M. Pemberton
Direct: 202-828-1708
[COR NTC Retained]
Bracewell
2001 M Street, N.W.
Suite 900
Washington, DC 20036

---

ENERGY TRANSFER, LP

       Petitioner

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency

       Respondents

APPALACHIAN MOUNTAIN CLUB, SIERRA CLUB, OHIO ENVIRONMENTAL COUNCIL

       Proposed Intervenors

---

08/03/2023      ☐      1      Agency Case Docketed. Notice filed by Petitioner Energy Transfer, LP.
Selected Pages: 0                  Petition Received in PCA: 08/03/2023. (ASM) [Entered: 08/03/2023
      296 pg., 2.53 MB            03:59 PM]
Totals reflect accessible documents only and do not include unauthorized restricted documents.

08/03/2023      ☐      2      The case manager for this case is: Antoinette Macon (ASM) [Entered:
Selected Size: 0 KB                  08/03/2023 04:01 PM]

[ View Selected ]      [ Print Selected ]

| 08/03/2023 | ☐ 3<br>1 pg, 6.39 KB | APPEARANCE filed for Petitioner Energy Transfer, LP by Christopher Beau Carter. Certificate of Service: 08/03/2023. [23-3641] (CBC) [Entered: 08/03/2023 04:36 PM] |
|---|---|---|
| 08/04/2023 | ☐ 4<br>1 pg, 333.21 KB | APPEARANCE filed for Petitioner Energy Transfer, LP by Aaron Michael Streett. Certificate of Service: 08/04/2023. [23-3641] (AMS) [Entered: 08/04/2023 11:25 AM] |
| 08/04/2023 | ☐ 5<br>2 pg, 67.59 KB | CORPORATE DISCLOSURE STATEMENT filed by Attorney Mr. Aaron Michael Streett for Petitioner Energy Transfer, LP Certificate of Service: 08/04/2023. [23-3641] (AMS) [Entered: 08/04/2023 11:27 AM] |
| 08/09/2023 | ☐ 6<br>1 pg, 332.97 KB | APPEARANCE filed for Petitioner Energy Transfer, LP by Matthew L. Kuryla. Certificate of Service: 08/09/2023. [23-3641] (MLK) [Entered: 08/09/2023 11:55 AM] |
| 08/14/2023 | ☐ 7<br>1 pg, 61.15 KB | APPEARANCE filed for Respondents EPA and Michael S. Regan by Chloe H. Kolman. Certificate of Service: 08/14/2023. [23-3641] (CK) [Entered: 08/14/2023 12:49 PM] |
| 08/16/2023 | ☐ 8<br>1 pg, 74.96 KB | APPEARANCE filed for Respondents EPA and Michael S. Regan by Elisabeth H. Carter. Certificate of Service: 08/16/2023. [23-3641] (EC) [Entered: 08/16/2023 02:01 PM] |
| 09/01/2023 | ☐ 9<br>83 pg, 1.18 MB | CERTIFIED LIST filed. Certificate of Service: 09/01/2023. [23-3641] (EC) [Entered: 09/01/2023 02:03 PM] |
| 09/05/2023 | ☐ 10<br>69 pg, 3.19 MB | MOTION to INTERVENE filed by Kathleen Riley for Appalachian Mountain Club, Sierra Club and Ohio Environmental Council. Certificate of Service: 09/05/2023. [23-3641] (KLR) [Entered: 09/05/2023 06:29 PM] |
| 09/06/2023 | ☐ 11<br>25 pg, 429.61 KB | MOTION filed by Ms. Elisabeth Carter for Michael S. Regan and EPA to transfer proceedings to D.C. Circuit. Certificate of Service: 09/06/2023. [23-3641] (EC) [Entered: 09/06/2023 04:18 PM] |
| 09/07/2023 | ☐ 12<br>1 pg, 98.22 KB | APPEARANCE filed for Proposed Intervenors Appalachian Mountain and Sierra Club by Kathleen Riley. Certificate of Service: 09/07/2023. [23-3641] (KLR) [Entered: 09/07/2023 06:02 PM] |
| 09/08/2023 | ☐ 13<br>1527 pg, 15.05 MB | MOTION filed by Mr. Aaron Michael Streett for Energy Transfer, LP to stay agency judgment. Certificate of Service: 09/08/2023. [23-3641] (AMS) [Entered: 09/08/2023 04:03 PM] |
| 09/08/2023 | ☐ 14<br>83 pg, 1.62 MB | RESPONSE in opposition filed regarding a motion to transfer case, [11]; previously filed by Ms. Elisabeth Carter for EPA and Michael S. Regan. Response from Attorney Mr. Aaron Michael Streett for Petitioner Energy Transfer, LP. Certificate of Service: 09/08/2023. [23-3641] (AMS) [Entered: 09/08/2023 04:15 PM] |
| 09/11/2023 | ☐ 15<br>1 pg, 258.03 KB | APPEARANCE filed for Proposed Intervenor Ohio Environmental Council by Shaun Goho. Certificate of Service: 09/11/2023. [23-3641] (SGG) [Entered: 09/11/2023 05:13 PM] |

Selected Pages: 0          Selected Size: 0 KB

Totals reflect accessible documents and do not include unauthorized restricted documents.

[ View Selected ]     [ Print Selected ]

| 09/12/2023 | ☐ 16<br>5 pg, 112.44 KB | MOTION filed by Ms. Elisabeth Carter for Michael S. Regan and EPA to extend timeCertificate of Service: 09/12/2023. [23-3641] (EC) [Entered: 09/12/2023 10:44 AM] |
|---|---|---|
| 09/12/2023 | ☐ 17<br>6 pg, 155.74 KB | MOTION filed by Ms. Kathleen Lea Riley for Appalachian Mountain, Ohio Environmental Council and Sierra Club to extend time *Unopposed Motion of Appalachian Mountain Club, The Ohio Environmental Council, and Sierra Club to Extend Time to Respond to Energy Transfers Motion to Stay* Certificate of Service: 09/12/2023. [23-3641] (KLR) [Entered: 09/12/2023 05:04 PM] |
| 09/13/2023 | ☐ 18<br>1 pg, 74.67 KB | APPEARANCE filed for Proposed Intervenor Ohio Environmental Council by Hayden Hashimoto. Certificate of Service: 09/13/2023. [23-3641] (HWH) [Entered: 09/13/2023 04:31 PM] |
| 09/15/2023 | ☐ 19<br>1 pg, 97.01 KB | AMICUS APPEARANCE filed for *TransCanada PipeLine USA Ltd.* by Jeffrey L. Oldham. Certificate of Service: 09/15/2023. [23-3641] (JLO) [Entered: 09/15/2023 07:52 PM] |
| 09/15/2023 | ☐ 20 🔒<br>1 pg, 97.34 KB | **LOCKED**AMICUS APPEARANCE filed for *TransCanada PipeLine USA Ltd.* by Brittany M. Pemberton. Certificate of Service: 09/15/2023. [23-3641]--[Edited 09/18/2023 by ASM] (JLO) [Entered: 09/15/2023 07:53 PM] |
| 09/15/2023 | ☐ 21<br>31 pg, 1.19 MB | **LOCKED**MOTION to file AMICUS BRIEF filed by Jeffrey L. Oldham and Brittany M. Pemberton for TransCanada PipeLine USA Ltd.. Certificate of Service: 09/15/2023. [23-3641] --Counsel advised by email to refile motion, amicus brief and corporate disclosure as separate entries--[Edited 09/18/2023 by ASM] (JLO) [Entered: 09/15/2023 07:58 PM] |
| 09/18/2023 | ☐ 22<br>2 pg, 90.2 KB | DEFICIENCY NOTICE: The appearance form, [20], filed by Ms. Brittany M. Pemberton for TransCanada PipeLine USA Ltd. is deficient for the reason noted on the attached checklist. (ASM) [Entered: 09/18/2023 09:45 AM] |
| 09/18/2023 | ☐ 23<br>1 pg, 97.34 KB | AMICUS APPEARANCE filed for Amicus Curiae TransCanada PipeLine USA Ltd. by Brittany M. Pemberton. Certificate of Service: 09/18/2023. [23-3641] (BMP) [Entered: 09/18/2023 10:47 AM] |
| 09/18/2023 | ☐ 24<br>9 pg, 473.14 KB | MOTION to file AMICUS BRIEF filed by Jeffrey L. Oldham for TransCanada PipeLine USA Ltd.. Certificate of Service: 09/15/2023. [23-3641] (JLO) [Entered: 09/18/2023 11:22 AM] |
| 09/18/2023 | ☐ 25<br>20 pg, 694.49 KB | AMICUS BRIEF filed by TransCanada PipeLine USA Ltd. , without parties' consent. Certificate of Service:09/15/2023. [23-3641] (JLO) [Entered: 09/18/2023 11:24 AM] |
| 09/18/2023 | ☐ 26<br>3 pg, 133.76 KB | CORPORATE DISCLOSURE STATEMENT filed by Attorney Mr. Jeffrey Lorn Oldham for Amicus Curiae TransCanada PipeLine USA Ltd.. Certificate of Service: 09/15/2023. [23-3641] (JLO) [Entered: 09/18/2023 11:26 AM] |

Selected Pages:            Selected Size: 0 KB
Totals reflect accessible documents only and do not include unauthorized restricted documents.

| View Selected | Print Selected | pr731 ▾ |

| | | | |
|---|---|---|---|
| | 1 pg, 25.81 KB | | APPEARANCE filed for Respondents EPA and Michael S. Regan by Zoe B. Palenik. Certificate of Service: 09/18/2023. [23-3641] (ZP) [Entered: 09/18/2023 03:40 PM] |
| 09/18/2023 | ☐ 28 | 1 pg, 219.41 KB | ORDER filed granting unopposed motions to extend time [16],[17]. Entered by order of the court. (ASM) [Entered: 09/18/2023 07:29 PM] |
| 09/19/2023 | ☐ 29 | 1 pg, 97.92 KB | APPEARANCE filed for Proposed Intervenors Appalachian Mountain and Sierra Club by Neil Gormley. Certificate of Service: 09/19/2023. [23-3641] (NEG) [Entered: 09/19/2023 04:16 PM] |
| 09/25/2023 | ☐ 30 | 13 pg, 209.12 KB | REPLY filed by Ms. Elisabeth Carter for Michael S. Regan and EPA regarding *Motion to transfer* Certificate of Service: 09/25/2023. [23-3641] (EC) [Entered: 09/25/2023 10:46 AM] |
| 09/25/2023 | ☐ 31 | 12 pg, 212.26 KB | RESPONSE in opposition filed regarding a motion to file amicus brief, [24]; previously. Response from Attorney Mr. Shaun Goho for Proposed Intervenor Ohio Environmental Council. Certificate of Service: 09/25/2023. [23-3641] (SG) [Entered: 09/25/2023 05:05 PM] |
| 09/28/2023 | ☐ 32 | 242 pg, 9.36 MB | RESPONSE in opposition filed regarding a motion to stay agency judgment, [13]; previously filed by Mr. Aaron Michael Streett for Energy Transfer, LP. Response from Attorney Ms. Kathleen Lea Riley for Proposed Intervenors Appalachian Mountain, Ohio Environmental Council and Sierra Club. Certificate of Service: 09/28/2023. [23-3641] (KLR) [Entered: 09/28/2023 06:36 PM] |
| 09/28/2023 | ☐ 33 | 168 pg, 1.96 MB | RESPONSE in opposition filed regarding a motion to stay agency judgment, [13]; previously filed by Mr. Aaron Michael Streett for Energy Transfer, LP. Response from Attorney Ms. Chloe Kolman for Respondents Michael S. Regan and EPA. Certificate of Service: 09/28/2023. [23-3641] (CK) [Entered: 09/28/2023 07:03 PM] |
| 10/02/2023 | ☐ 34 | 10 pg, 581.31 KB | REPLY filed by Mr. Jeffrey Lorn Oldham for TransCanada PipeLine USA Ltd. regarding *Motion for Leave to File Brief of Amicus Curiae* Certificate of Service: 10/02/2023. [23-3641] (JLO) [Entered: 10/02/2023 04:24 PM] |
| 10/05/2023 | ☐ 35 | 173 pg, 3.28 MB | REPLY filed by Mr. Aaron Michael Streett for Energy Transfer, LP regarding *in Support of Motion to Stay the Final Rule of the U.S. Environmental Protection Agency Pending Review* Certificate of Service: 10/05/2023. [23-3641] (AMS) [Entered: 10/05/2023 04:46 PM] |
| 10/23/2023 | ☐ 36 | 1 pg, 74.8 KB | APPEARANCE filed for Proposed Intervenor Sierra Club by Megan Wachspress. Certificate of Service: 10/23/2023. [23-3641] (MCW) [Entered: 10/23/2023 03:28 PM] |
| 11/08/2023 | ☐ 37 | 5 pg, 57.07 KB | ADDITIONAL CITATION filed by Ms. Chloe Kolman for Michael S. Regan and EPA. Certificate of Service: 11/08/2023. [23-3641] (CK) [Entered: 11/08/2023 05:33 PM] |
| 11/09/2023 | ☐ 38 | 5 pg, 327.39 KB | RESPONSE in opposition filed regarding an additional citation, [37]. Response from Attorney Mr. Aaron Michael Streett for Petitioner |

Selected Pages: [ ]     Selected Size: [ ]

Totals reflect accessible documents only and do not include unauthorized restricted documents.

[ View Selected ]     [ Print Selected ]

|            |   |    |                                                                                                                                                                                                                                                                                                                                   |
|------------|---|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |   |    | Energy Transfer, LP. Certificate of Service:11/09/2023. [23-3641] (AMS) [Entered: 11/09/2023 09:46 AM]                                                                                                                                                                                                                              |
| 11/09/2023 | ☐ | 39 <br> 8 pg, 2.62 MB | ORDER filed: The motions to transfer are GRANTED. The clerk is directed to transfer these proceedings, together with any documents of record, to the United States Court of Appeals for the District of Columbia Circuit. . Eric L. Clay, Circuit Judge; Joan L. Larsen, Circuit Judge and John B. Nalbandian, Circuit Judge. (ASM) [Entered: 11/09/2023 10:00 AM] |
| 11/09/2023 | ☐ | 40 <br> 1 pg, 151.42 KB | ENTRY OF JUDGMENT. (ASM) [Entered: 11/09/2023 10:01 AM] |

Selected Pages: [0]     Selected Size: [0 KB]
Totals reflect accessible documents only and do not include unauthorized restricted documents.

[View Selected]   [Print Selected]   [pr731 ▾]

USCA Case #23-1316     Document #2026526          Filed: 11/09/2023     Page 9 of 22

Select All     Clear All

- ⦿ **Documents and Docket Report**
- ○ **Documents and Docket Summary**
- ○ **Documents Only**

☑ **Include Page Numbers**

Selected Pages: 0      Selected Size: 0 KB
Totals reflect accessible documents only and do not include unauthorized restricted documents.

View Selected     Print Selected     pr731

Nos. 23-3605/3624/3641/3647

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 9, 2023
KELLY L. STEPHENS, Clerk

KENTUCKY ENERGY AND ENVIRONMENT     )
CABINET [No. 23-3605],              )
                                    )
COMMONWEALTH OF KENTUCKY            )
[No. 23-3624],                      )
                                    )
ENERGY TRANSFER, LP [No. 23-3641],  )
                                    )
                                    )
and                                 )        O R D E R
                                    )
BUCKEYE POWER, INC. & OHIO VALLEY   )
ELECTRIC CORPORATION [23-3647],     )
                                    )
        Petitioners,                )
                                    )
v.                                  )
                                    )
UNITED STATES ENVIRONMENTAL         )
PROTECTION AGENCY, et al.,          )
                                    )
        Respondents.                )

Before: CLAY, LARSEN, and NALBANDIAN, Circuit Judges.

In these related matters, Kentucky Energy and Environmental Cabinet, (23-3605), the
Commonwealth of Kentucky, (23-3624), Energy Transfer, LP, (23-3641), and Ohio utilities
Buckeye Power, Inc., and Ohio Valley Electric Corporation, (23-3647), petition for review of the
United States Environmental Protection Agency's *Federal "Good Neighbor Plan" for the 2015
Ozone National Ambient Air Quality Standards*, 88 Fed. Reg. 36,645 (June 5, 2023). The EPA
and its Administrator, Michael S. Regan, move to transfer venue to the United States Circuit Court

for the District of Columbia Circuit.  Petitioners respond in opposition, and the EPA replies in support.

The Clean Air Act "requires the EPA to establish and periodically revise national ambient air quality standards, or NAAQS, for certain pollutants to establish maximum permissible concentrations of those pollutants in the outside or ambient air." *Sierra Club v. EPA*, 60 F.4th 1008, 1012 (6th Cir. 2023) (cleaned up); *see also* 42 U.S.C. §§ 7408, 7409.  "Each state has 'the primary responsibility' for ensuring that its ambient air meets the NAAQS for the identified pollutants." *Sierra Club*, 60 F.4th at 1013 (quoting 42 U.S.C. § 7407(a)).  "As part of this responsibility," states must develop and submit a State Implementation Plan ("SIP") "that 'include[s] enforceable emission limitations and other control measures, means, or techniques' to provide for the implementation, maintenance, and enforcement of NAAQS and 'as may be necessary or appropriate to meet the applicable requirements of' the Act." *Id.* (quoting 42 U.S.C. § 7410(a)(1), (a)(2)(A)).  "If [the] EPA determines that a State has failed to submit an adequate SIP, either in whole or in part, the Act requires the Agency to promulgate a Federal Implementation Plan, or FIP . . . ." *EPA v. EME Homer City Gener., L.P.*, 572 U.S. 489, 498 (2014) (citing 42 U.S.C. § 7410(c)(1)).

For decades, the Clean Air Act has included the so-called "Good Neighbor Provision," which requires states to include "adequate provisions" in their SIPs to eliminate emissions created within the state that are carried across state lines in a way that significantly affects a downwind state's ability to meet the NAAQS.  42 U.S.C. § 7410(a)(2)(D)(i).  On at least five prior occasions, the EPA has issued a final action enforcing the Good Neighbor Provision:  the 1998 $NO_x$ SIP Call,[1]

---

[1] A "SIP call" is the process by which the EPA can require a state to address inadequacies in a SIP that the EPA previously approved.  *Sierra Club* , 60 F.4th at 1013.

63 Fed. Reg. 57,356 (Oct. 27, 1998); the Clean Air Interstate Rule, or CAIR, 70 Fed. Reg. 25,162 (May 12, 2005); the Transport Rule, also known as the Cross-State Air Pollution Rule, or CSAPR, 76 Fed. Reg. 48,208 (Aug. 8, 2011); the CSAPR Update, 81 Fed. Reg. 74,504 (Oct. 26, 2016); and the Revised CSAPR Update, 86 Fed. Reg. 23,054 (Apr. 30, 2021).

Among other things, the *Good Neighbor Plan* finalizes FIPs for twenty-three states—including Kentucky, Michigan, and Ohio—intended to correct shortfalls in their SIPs' approaches to reducing the effects of their emissions on downwind states. 88 Fed. Reg. at 36,656–57. The FIPs target interstate transport by two categories of emitters. First, it reduces emissions from energy-generating units ("EGUs") like fossil-fuel-fired power plants through updates to a long-running "allowance-based trading program" in which states are given a budget of allowances that can be banked or traded between EGUs, brokers, and other states. *Id.* at 36,656–57; 36,762–67. Penalties are assessed if emissions outstrip allowances. *Id.* at 36,763. Second, it requires emission-limiting updates by non-EGU "industrial sources" like engines, kilns, furnaces, boilers, combustors, and incinerators in the natural gas, cement, steel, glass, mining, chemical manufacturing, petroleum, coal, paper, and solid-waste industries, beginning in 2026. *Id.* at 36,657–58.

Five entities now petition for review of the *Good Neighbor Plan*. The EPA moves to transfer those petitions to the D.C. Circuit.

Venue for judicial review of EPA action is dictated by the first three sentences of 42 U.S.C. § 7607(b)(1). Petitions for review of any "nationally applicable" action must be filed in the D.C. Circuit. *Id.* Conversely, petitions for review of any action "which is locally or regionally applicable" must be filed in the appropriate United States Court of Appeals. *Id.* That said, if the challenged action is locally or regionally applicable but is "based on a determination of nationwide

scope or effect," any petition for review must be filed in D.C. rather than the local circuit. *Id.* As the Fifth Circuit recognized, "this scheme takes advantage of the D.C. Circuit's administrative law expertise and facilitates the orderly development of the basic law under the [Clean Air Act]" by eliminating "piecemeal review of national issues in the regional circuits, which risks potentially inconsistent results." *Texas v. EPA* (*Texas 2011*), No. 10-60961, 2011 WL 710598, at *4 (5th Cir. Feb. 24, 2011) (cleaned up). "The court—not EPA—determines both the scope of an action's applicability and whether it was based on a determination of nationwide scope or effect." *Texas v. EPA* (*Texas 2020*), 983 F.3d 826, 833 (5th Cir. 2020). And that determination is made *de novo*, according no special deference to the EPA's position. *Id.* (citing *Am. Rd. & Transp. Builders Ass'n v. EPA*, 705 F.3d 453, 455–56 (D.C. Cir. 2013) (Kavanaugh, J.)).

National applicability rests on the scope of the challenged action itself, not the scope of the Petitioners' challenges. *ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1197 (10th Cir. 2011). The determination "should depend on the location of the persons or enterprises that the action regulates." *New York v. EPA* (*New York 1998*), 133 F.3d 987, 990 (7th Cir. 1998). Thus, we "need look only to the face of the rulemaking, rather than to its practical effects." *Am. Rd. & Transp. Builders*, 705 F.3d at 456.

Courts of appeals have found EPA action to be nationally applicable where it regulated a "far-flung collection of states" representing multiple regions, *Texas 2011*, 2011 WL 710598 at *3, "tackle[d] a problem affecting [a majority] of the country" and applied uniformly to disparate locations, *W. Va. Chamber of Com. v. Browner*, 1998 WL 827315, *7 (4th Cir. Dec. 1, 1998) (table) (per curiam), or was "promulgated pursuant to a common, nationwide analytical method," *S. Ill. Power Coop. v. EPA*, 863 F.3d 666, 671 (7th Cir. 2017). By contrast, courts of appeals have found action to be locally or regionally applicable where it was "directed only at four contiguous

Texas counties," *Texas 2020*, 983 F.3d at 833, "could be lawfully applied only to certain development projects within [California]," *Am. Rd. & Transp. Builders*, 705 F.3d at 456 (cleaned up), or was "limited to a cluster of states" around Lake Michigan, *New York 1998*, 133 F.3d at 990.

The *Good Neighbor Plan* has several hallmarks of national applicability: it imposes direct regulation on ozone emitters in nearly two dozen far-flung states, from California to New Jersey and Minnesota to Texas, *see Good Neighbor Plan*, 88 Fed. Reg. at 36,656, 36,662; it tackles an issue affecting more than half of the country (when downwind states are counted), *see id.* at 36,742; and the regulations it promulgates are based on a uniform nationwide analytical method, *id.* at 36,660–61; *see also*, *id.* at 36,717 (listing every state as either above or below the uniform screening threshold), which "allocat[es] responsibility through uniform levels of control across the entire upwind geography," *id.* at 36,691.

Further, the D.C. Circuit has reviewed all five prior Good Neighbor Provision rulemakings, which the agency asserts is evidence that such rules are nationally applicable. *Michigan v. EPA*, 213 F.3d 663, 685 (D.C. Cir. 2000) (per curiam) (1998 NO$_x$ SIP Call); *North Carolina v. EPA*, 531 F.3d 896, 906 (D.C. Cir. 2008) (per curiam) (CAIR); *EME Homer City Gener., L.P. v. EPA*, 795 F.3d 118, 123 (D.C. Cir. 2015) (CSAPR); *New York v. EPA*, 781 F. App'x 4, 6 (D.C. Cir. 2019) (per curiam) (CSAPR Update); *Midwest Ozone Grp. v. EPA*, 61 F.4th 187, 188 (D.C. Cir. 2023) (Revised CSAPR Update). Although the D.C. Circuit did not have occasion to discuss venue in those cases, it routinely dismisses or transfers petitions for review in cases where it finds that the targeted action is not nationally applicable. *See, e.g.*, *Chevron U.S.A. Inc. v. EPA*, 45 F.4th 380, 388 (D.C. Cir. 2022) (review of an EPA response letter); *Producers of Renewables United for Integrity Truth & Transparency v. EPA*, 778 F. App'x 1, 6 (D.C. Cir. 2019) (per curiam) (review of exemption denials); *Dalton Trucking, Inc. v. EPA*, 808 F.3d 875, 880 (D.C. Cir. 2015)

(review of EPA's authorization of California regulations); *Am. Rd. & Transp. Builders*, 705 F.3d at 456 (review of EPA's approval of California's revised SIP).

Petitioners assert that they challenge the *Good Neighbor Plan* only as to the obligations in their respective state's FIP, which the EPA implemented after denying the proposed SIP. *See Air Plan Disapprovals; Interstate Transp. of Air Pollution for the 2015 8-Hour Ozone Nat'l Ambient Air Quality Stands.*, 88 Fed. Reg. 9,336 (Feb. 13, 2023) ("*SIP Disapproval*"). *But see ATK Launch Sys.*, 651 F.3d at 1197 (ignoring scope of petitioner's challenge in determining national applicability). They say that this case is no different than *Kentucky v. EPA*, Nos. 23-3216/3225 (6th Cir. July 25, 2023) (order). There, the Commonwealth of Kentucky and the Kentucky Energy and Environment Cabinet petitioned for review of the EPA's disapproval of Kentucky's SIP. *Id.* at 1. The EPA moved to transfer the actions to the D.C. Circuit. A panel of this court denied the motion, determining that the SIP disapproval "affect[ed] only Kentucky" and thus was "locally and regionally applicable." *Id.* at *5.

But the *Good Neighbor Plan* appears to be more than the mere mechanical implementation of FIPs as the ministerial follow-up to the SIP Disapproval. For instance, it amends sections of the Code of Federal Regulations that are not state-specific. *See, e.g.*, *Good Neighbor Plan*, 88 Fed. Reg. at 36,809 (adding additional recordkeeping and reporting requirements). Its effects reach "EGUs within the borders of . . . seven states currently covered . . . under existing FIPs or existing SIPs," regulating locations outside the scope of the *SIP Disapproval*. *Id.* at 36,658–59. And, as mentioned previously, the regulations it promulgates are based on a uniform nationwide analytical method, *id.* at 36,660–61, which "allocat[es] responsibility through uniform levels of control across the entire upwind geography," *id.* at 36,691. In sum, while the challenge to the EPA's disapproval of Kentucky's SIP may have concerned only the Commonwealth of Kentucky,

*Kentucky v. EPA*, Nos. 23-3216/3225, at *5, the challenges here reach far beyond the borders of a single state.

Because the *Good Neighbor Plan* seeks to tackle a nationwide issue by regulating states across the country, based on a national analysis and uniform standards, and because it does more than simply install FIPs in the states whose SIPs were disapproved, it is nationally applicable. As such, venue lies in the D.C. Circuit. 42 U.S.C. § 7607(b)(1).

Moreover, the *Good Neighbor Plan* is based on the EPA's determinations of the nationwide scope and effect of downwind emissions transport. While the "nationally applicable" inquiry focuses on the face of the rule itself, *Am. Rd. & Transp. Builders*, 705 F.3d at 456, this inquiry focuses "on the determinations on which the Final Rule is based," *Texas v. EPA*, 829 F.3d 405, 422 (5th Cir. 2016). "These determinations are the justifications the agency gives for the action[,] and they can be found in the agency's explanation of its action." *Id.* at 419.

The stated purpose of the *Good Neighbor Plan* is "to protect public health and the environment by reducing interstate transport of certain air pollutants," which "can be transported over hundreds of miles." 88 Fed. Reg. at 36,658. That purpose is achieved primarily through interrelated FIPs, and, critically, the FIPs are designed to work together. The FIPs impose "emissions control strategies on a uniform basis *across all linked upwind states*," *id.* at 36,741 (emphasis added), relying on "emissions reductions [that] are *assessed collectively* across . . . hundreds of EGU and non-EGU industrial sources," *id.* (emphasis added), and "apportion[ing] the reduction responsibility *among collectively contributing upwind states*," *id.* at 36,719 (emphasis added), to achieve "*cumulative improvements* in ozone levels at downwind receptors," *id.* at 36,741 (emphasis added).

Indeed, when testing whether the FIP obligations were effective without being too onerous, the EPA measured "the *combined effect* of the entire program across all linked upwind states." *Id.* at 36,749 (emphasis added). The EPA cites this collective approach as a way to "effectively address the 'thorny' causation problem" while avoiding "any interdependence and 'which state goes first?' questions," further illustrating the interrelated nature of the *Good Neighbor Plan*'s FIP requirements. *Id.* at 36,741, 36,749; *cf. W. Va. Chamber of Com.*, 1998 WL 827315 at *6 (describing the 1997 Ozone Transport SIP Call as "not merely action on a single state implementation plan or a few state implementation plans," but "a coordinated effort to attack a problem that ignores state boundaries, and is based upon a common core of information and analysis involving 37 states"). As such, even if viewed individually, the Kentucky, Michigan, and Ohio FIPs are based on determinations of nationwide scope or effect. Thus, venue lies in the D.C. Circuit.

Accordingly, the motions to transfer are **GRANTED**. The clerk is directed to transfer these proceedings, together with any documents of record, to the United States Court of Appeals for the District of Columbia Circuit.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

No. 23-_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

ENERGY TRANSFER LP,

*Petitioner*,

*v.*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency,

*Respondents*.

Petition for Review of a Final Rule of the
Environmental Protection Agency

Aaron M. Streett
Matthew L. Kuryla
Beau Carter
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
(713) 229-1855 (phone)
(713) 229-7855 (fax)
aaron.streett@bakerbotts.com

*Counsel for Energy Transfer LP*

No. 23-_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

ENERGY TRANSFER LP,

*Petitioner*,

*v.*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency,

*Respondents*.

## PETITION FOR REVIEW

Under 42 U.S.C. § 7607(b)(1) and Federal Rule of Appellate Procedure 15(a), Petitioner Energy Transfer LP petitions this Court for review of Respondents United States Environmental Protection Agency and Administrator Michael S. Regan's promulgation of a federal implementation plan for Michigan regarding the interstate transport requirements of 42 U.S.C. § 7410(a)(2)(d)(i)(I) for the 2015 8-hour ozone national ambient air quality standard, titled "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 36,654 (June

5, 2023) ("Final Rule").[*] *See* FED. R. APP. P. 15(a)(2)(C) ("The petition must . . . specify the order or part thereof to be reviewed.").

Jurisdiction and venue lie in this Court under 42 U.S.C. § 7607(b)(1). The challenged action's promulgation of a FIP for Michigan is a "locally or regionally applicable" action and is not "based on a determination of nationwide scope or effect." *See id.*; Order, *Kentucky v. EPA*, No. 23-3216 (6th Cir. July 25, 2023). This petition for review is timely filed within sixty days of the challenged action's publication in the Federal Register. *See* 42 U.S.C. § 7607(b)(1). Petitioner requests that the Court vacate, set aside, and hold unlawful the EPA's promulgation of the FIP for Michigan.

---

[*] A copy of the Final Rule is attached to this petition.

August 3, 2023                     Respectfully submitted,

                                   */s/ Aaron M. Streett*
                                   Aaron M. Streett
                                   Matthew L. Kuryla
                                   Beau Carter
                                   BAKER BOTTS L.L.P.
                                   910 Louisiana St.
                                   Houston, Texas 77002
                                   (713) 229-1855 (phone)
                                   (713) 229-7855 (fax)
                                   aaron.streett@bakerbotts.com

                                   *Counsel for Energy Transfer
                                   LP*

## <u>CERTIFICATE OF SERVICE</u>

On August 3, 2023, this petition for review was served by Petitioner's counsel

by first-class mail, postage prepaid, upon the following:

The Honorable Merrick B. Garland
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Michael S. Regan
Administrator
U.S. Environmental Protection Agency
Mail Code 1101A
William Jefferson Clinton Building
1200 Pennsylvania Avenue, NW
Washington, DC 20460

Todd Kim
Assistant Attorney General
U.S. Department of Justice
Environment and Natural
Resources Division
RFK DOJ Building, Room 2143
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Correspondence Control Unit
Office of General Counsel (2311)
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC 20460

*/s/ Aaron M. Streett*
*Counsel for Petitioner*